IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY PENNINGTON and<br>NIKKI PENNINGTON, *pro se*<br><br>                    Plaintiffs,<br><br>        v.<br><br>WELLS FARGO BANK, N.A.,<br>successor to WELLS FARGO HOME<br>MORTGAGE, JOHN DOE (investors) 1-<br>10,000, et al.<br><br>                    Defendants. | Civil Action<br><br>No.  11-CV-2896 |

**MEMORANDUM & ORDER**

March 18, 2012                                                                                                          Pollak, J.

      Plaintiffs Jeffery Pennington and Nikki Pennington commenced this action on March 25, 2011, by filing a complaint, pro se, in the Philadelphia Court of Common Pleas.  In the complaint, the plaintiffs asserted various claims under state and federal law relating to defendant Wells Fargo Bank, N.A.'s servicing of a mortgage on a property located at 4711 Greene St., Philadelphia, Pennsylvania, that the plaintiffs state is jointly owned by them.  On April 29, 2011, Wells Fargo removed the case to this court.

      Presently pending before the court are: (1) a motion to remand the case to state

court filed by plaintiffs (Docket no. 5); and (2) a motion to dismiss filed by Wells Fargo (Docket no. 6).

## I. Plaintiffs' Motion to Remand

Plaintiffs contend that Wells Fargo's notice of removal was untimely, and that the case should therefore be remanded to state court. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal, "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Interpreting section 1446(b)(1), the Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). While it appears from the record that Wells Fargo received notice of the present action shortly after its commencement, the record contains no evidence that Wells Fargo was formally served with the summons and complaint at any time prior to the case's removal to this court. Removal was therefore timely. *See id.*; *see also Skirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005). Accordingly, plaintiffs' motion to remand will be denied.

**II. Wells Fargo's Motion to Dismiss**

Wells Fargo argues that the case should be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure because Wells Fargo was not properly served. Plaintiffs contend that "Proper Service was made on defendants on . . . May 10th 2011 by a Notary Certified Mail Return Receipt," but do not attach evidence of service or specify in which state they attempted to serve Wells Fargo. (Docket no. 9, at p.6) Proper service on the defendant of the summons and complaint is required for a court to obtain personal jurisdiction over the defendant. *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). In a removed case, insufficiencies in service of process in the state court from which the case was removed may be cured pursuant to 28 U.S.C. § 1448, which provides that,

> [i]n all cases removed from any state court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Since Wells Fargo removed the case to this court on April 29, 2011, the Federal Rules of Civil Procedure governed plaintiffs' May 10, 2011 attempt to serve process. While the Federal Rules do not provide for service of process on a corporation by mail, they permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P.

4(h)(1)(A), 4(e)(1). The Pennsylvania Rules of Civil Procedure permit plaintiffs to serve process by mail on defendants who are located outside the Commonwealth. *See* Pa. R. Civ. P. 403, 404(2) (making Rule 403 applicable to corporate defendants). But the record in the present case does not contain any evidence of a "receipt signed by the defendant or his authorized agent," as required to establish proper service under Pennsylvania law. *See* Pa. R. Civ. P. 403, 404, 410. Therefore, plaintiffs have not established that Wells Fargo has been properly served.

Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiffs request that they be granted leave to proceed *in forma pauperis* and that the U.S. Marshall effect service of process. I will direct the clerk of court to furnish plaintiffs with a blank copy of the court's current standard form for filing an application to proceed *in forma pauperis*, along with Form USM-285, a request for service of process by U.S. Marshall. Within thirty days, plaintiffs may either return the application to proceed *in forma pauperis* and Form USM-285 or, alternately, effect service of process on defendants at their own expense and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Wells Fargo's motion to dismiss will be denied without prejudice to re-raising the

motion once defendants have been properly served.

### III. Order

AND NOW, this 18th day of March, 2012, it is hereby ordered that:

1. Plaintiffs' motion to remand the case to state court is DENIED;

2. Wells Fargo's motion to dismiss is DENIED without prejudice;

3. The Clerk of Court shall furnish plaintiffs with a blank copy of this Court's current standard form for filing an application to proceed *in forma pauperis* and with form USM-285;

4. Within thirty days after the date of this order, the plaintiffs shall complete and return the application to proceed *in forma pauperis* and USM-285, if appropriate, to the Clerk of Court or, alternately, shall effect service of process on defendants at their own expense in accordance with Rule 4 of the Federal Rules of Civil Procedure.

                                        BY THE COURT:


                                         /s/ Louis H. Pollak
                                        Pollak, J.