IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JEFFREY PENNINGTON, ET AL. | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| WELLS FARGO BANK, N.A. | : | NO. 11cv2896 |
| SUCCESSOR TO WELLS FARGO HOME | : | |
| MORTGAGE, ET AL. | : | |

**MEMORANDUM**

YOHN, J. January 15, 2013

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed a motion for reconsideration of my orders dated October 17, 2012 and October 19, 2012 and letter of November 2, 2012, in which I stated that Wells Fargo's preceding motion to dismiss was not filed with reference to plaintiff Nikki Pennington's quiet title claim and, therefore, having ruled on all other claims and plaintiffs having withdrawn their offer to execute a deed in lieu of foreclosure, the parties should send me a proposed scheduling order to bring the matter to a conclusion. The Penningtons have also filed a motion for reconsideration of my order dated October 19, 2012, which dismissed all of the Penningtons' claims with prejudice except the claim for quiet title. After careful review of these motions and the responses, for the reasons set forth below the motions are denied.[1]

---

[1]The Penningtons have also submitted a motion to dismiss Wells Fargo from this suit, claiming Wells Fargo lacks standing. (Mot. to Dismiss Def. Wells Fargo for Lack of Standing, *Pennington et al. v. Wells Fargo Bank, N.A. et al.*, No. 11-cv-2896 (E.D. Pa. Nov. 19, 2012), ECF No. 53.) After reading the Penningtons' motion to dismiss, it is obvious that they do not understand that filing such a motion will bring this matter to a close. As evidence of their misunderstanding, immediately following the submission of the motion to dismiss they filed an amended complaint, again naming Wells Fargo Bank, N.A. as a defendant. Because it is clear

## I. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A court may grant a motion for reconsideration if the moving party demonstrates at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice*." Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere dissatisfaction with a court's ruling, however, is not a proper basis for reconsideration, *see Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999), and such a motion should not be used "to merely attempt to convince the court to rethink a decision it has already made," *Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversifield Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II. DISCUSSION

Jeffrey and Nikki Pennington originally commenced this action against Wells Fargo in the Philadelphia County Court of Common Pleas on March 25, 2011. Wells Fargo removed the case to the Eastern District of Pennsylvania. The action was reassigned to me on May 16, 2012. Wells Fargo then filed a motion to dismiss for failure to state a claim. I held oral argument on

---

that they do not understand the ramifications of the motion to dismiss, the Penningtons' motion to dismiss is denied with prejudice.

this motion on October 16, 2012. The following day, I issued an order dismissing several of the Penningtons' claims. Notably, I concluded that there was no plausible claim that Wells Fargo was not the holder of the original note and dismissed with prejudice any claim to the contrary. I also dismissed Jeffrey Pennington from this case for lack of standing. Furthermore, and central to Wells Fargo's motion for reconsideration, I proposed that if the Penningtons signed a deed in lieu of foreclosure conveying the property to Wells Fargo (as they agreed to do), and Wells Fargo agreed to allow Nikki Pennington to preserve the balance of her claims against Wells Fargo, then upon notice to the court I would dismiss the quiet title claim with prejudice. On October 19, 2012, I issued an order dismissing all of the Penningtons' claims but their claim for quiet title, which remained undisturbed pending an exchange of the deed.

Following the issuance of the October 19 order, the Penningtons withdrew their agreement to execute a deed in lieu of foreclosure; thus, the quiet title claim remained untouched. Subsequently, Wells Fargo sent a letter asking me to dismiss the quiet title claim because the Penningtons refused to surrender the deed to their property. I declined, noting that Wells Fargo had not provided any argument in its motion to dismiss with regard to the quiet title claim. Wells Fargo's motion for reconsideration followed.

Wells Fargo roots it challenge on the grounds that there "is a need to correct a clear error of law or fact or to prevent manifest injustice." (Def.'s Mot. for Reconsideration ¶ 15) (quoting *Quinteros*, 176 F.3d at 677.) It argues that the Penningtons' complaint was only titled as a claim for quiet title, and that because no separate cause of action was listed, Wells Fargo could not possibly have moved to dismiss such a claim. (*See id.* ¶ 5.) Wells Fargo further argues that in its motion it asked the court to dismiss the complaint "in its entirety with prejudice," and therefore a

request for a dismissal of a claim for quiet title was made by virtue of the language "in its entirety." (*Id.*)

In addition to the procedural arguments, Wells Fargo provides substantive arguments for dismissal. Wells Fargo states that because the court found it to be the true holder of the note, and because Pennsylvania law allows a holder of a note to enforce the note, it follows then that "any claim for quiet title has already been decided by virtue of the Court's order." (*Id.* ¶¶ 19-20.) Wells Fargo also argues that a claim for quiet title is now barred by the court's finding that Wells Fargo is the holder of the note. (*Id.* ¶ 21.)

Wells Fargo is correct in that the complaint does not clearly state each cause of action the Penningtons allege, including their claim for quiet title. However, *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[W]hen presented with a *pro se* litigant, [the court] '[has] a special obligation to construe [the] complaint liberally.'" *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999)). Because the Penningtons come before the court *pro se*, I read their complaint in accordance with this obligation. As to Wells Fargo's second procedural argument, I note that Rule 7 of the Federal Rules of Civil Procedure states: "The motion must state *with particularity* the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B) (emphasis added). Here, not only did Wells Fargo fail to state with particularity its reason for requesting that the quiet title claim be dismissed, it failed to state any argument at all. Granting a motion to dismiss based on the argument that "in its entirety" subsumes all claims in a complaint, regardless of whether a defendant argues against those claims, would thrust the court into the role of defense counsel, left to craft arguments for

the dismissal of a complaint in lieu of the litigant. That is not the role of the court. Accordingly, that argument fails.

Wells Fargo offers substantive arguments as to why the quiet title claim should now be dismissed in light of the court's recent findings and pursuant to Pennsylvania law. Those arguments belong in a motion to dismiss, not in a motion for reconsideration. *See Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) ("Motions for . . . reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Furthermore, these are post hoc arguments, the legal and factual basis of which rest on the order issued by the court; there can be no clear error of law or fact, for these facts and legal theories exist *because of* the order. Finally, asking Wells Fargo to place these arguments in a motion to dismiss would not constitute a manifest injustice; it would comport with what I ask of every litigant.

Transitioning to the plaintiffs' motion for reconsideration, the Penningtons' primary argument against the court's October 17 and October 19 orders is that the hearing on October 16 was unfair. The Penningtons state that they "didn't find it appropriate for [the court] to ask [] factual questions in order to get [them] to admit or deny facts." (Pls.' Mot. for Reconsideration ¶ 8.) They further claim that they were not given notice as to the subject matter of the hearing, and that they should have been afforded an opportunity to bring witnesses, cross-examine opposing witnesses, and conduct voir dire. (*See id*. ¶ 11.) Finally, the Penningtons object to the dismissal of their claims as violations of their due process rights and right to a fair trial. (*See id*. ¶¶ 18-20, 23-24.)

5

Although the Penningtons have not stated the legal grounds on which they challenge the prior orders, their motion fails on all three. The Penningtons have not identified an intervening change in controlling law or new evidence that was not previously available. To the extent that they argue the court made a clear error of law or fact, they are also incorrect. While the Penningtons may now desire to call witnesses, they did not make that desire known at the hearing. Moreover, they did not object to any of the questions which I asked in order to clarify what their actual claims were and, in fact, agreed to a number of stipulations setting forth the factual background of the case. Finally, even now, they do not suggest what witnesses they desire to call or what those witnesses would say. Therefore, there was no clear error of law or fact by virtue of holding a hearing.

Based on the allegations in the complaint, along with the information provided at the hearing, I determined that the Penningtons failed to state a claim upon which relief could be granted on all of the claims to which the defendant had objected. Furthermore, due to the lack of factual support provided at oral argument I determined that amendment would be frivolous and futile. While the Penningtons may not agree with the decision because it is prejudicial to their interests, they did not provide me with any reason to rule to the contrary. Disagreement with a judgment, without showing a clear error of law or fact, is not a sufficient ground for a motion for reconsideration. Accordingly, their motion is denied.[2]

---

[2]The Penningtons also filed a motion for leave to amend their complaint. (Motion for Leave to Amend Complaint, *Pennington et al. v. Wells Fargo Bank, N.A. et al.*, No. 11-cv-2896 (E.D. Pa. Nov. 19, 2012), ECF No. 54.) As explained above, the October 17 and October 19 orders dismissed the Penningtons' claims with prejudice because amendment would have been frivolous and futile. In addition, although the clerk's office erroneously listed the document as a motion for leave to amend, it is in reality only Exhibit #1 to the plaintiffs' "objection" to defendant's motion for reconsideration (Document #53). Therefore, the Penningtons' motion for

## IV. CONCLUSION

For the foregoing reasons, the motions for reconsideration are denied. An appropriate order follows.

---

leave to amend is also denied.