IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKKI PENNINGTON, | : |
| Plaintiff/Counter Defendant | : |
| v. | : |
| WELLS FARGO BANK, N.A. *SUCCESSOR TO WELLS FARGO HOME MORTGAGE* | : CIVIL ACTION<br>: NO. 11cv2896 |
| Defendant/Counterclaimant | : |
| v. | : |
| JEFFREY PENNINGTON | : |
| Counter Defendant. | : |

**MEMORANDUM**

YOHN, J.                                                                                                                                          May 30, 2013

In this action, Wells Fargo Bank, N.A. ("Wells Fargo") brings counterclaims for breach of contract against Nikki Pennington, and in rem mortgage foreclosure against both Nikki and Jeffrey Pennington. The Penningtons then filed counterclaims to Wells Fargo's counterclaims. Currently before me is Wells Fargo's motion to strike, or in the alternative, dismiss the Penningtons' counterclaims pursuant to Rules 12(f) and 12(b) of the Federal Rules of Civil Procedure. For the reasons stated below, I will grant Wells Fargo's motion to dismiss.

**I.      FACTS AND PROCEDURAL BACKGROUND**

The factual background of the underlying action is well known to the parties and has been exhaustively explained in previous memoranda; I need not recite the facts again here. Of more importance for the current motion is the procedural posture of the case.

On April 29, 2011, Wells Fargo removed this case from the Philadelphia County Court of Common Pleas. On May 16, 2012, this case was reassigned to me from the docket of the late Honorable Louis H. Pollak. I held a hearing on October 17, 2012, with respect to Wells Fargo's motion to dismiss the Penningtons' complaint. Following the hearing, I issued an order (the "October 17 order") that dismissed several of the Penningtons' claims with prejudice, including their claim for rescission of the mortgage and any claim premised on the argument that Wells Fargo was not the original holder of the note. Additionally, I dismissed with prejudice from the case the 10,000 John Doe (investors) and Jeffrey Pennington.

On October 19, 2012, in a separate memorandum and order, I dismissed the remainder of Nikki Pennington's claims, save her claim for quiet title. Thereafter, both parties filed motions for reconsideration of the October 19, 2012 order (the "October 19 order"). In addition, the Penningtons filed a motion for leave to amend their complaint. On January 15, 2013, I denied both parties' motions for reconsideration. I also denied the Penningtons' motion for leave to file an amended complaint with prejudice, as I had previously concluded in the October 17 and October 19 orders that amendment of their claims would have been frivolous and futile.

Wells Fargo filed an answer to Nikki Pennington's complaint on January 29, 2013. Included in its answer were two counterclaims against Nikki Pennington: breach of contract and in rem mortgage foreclosure. On January 31, Wells Fargo filed a joinder complaint against Jeffrey Pennington, asserting a claim against him for in rem mortgage foreclosure, given his purported interest in the property at issue via quitclaim deed. Thus, Jeffrey Pennington was brought back into these proceedings.

On March 25, 2013, the Penningtons filed a reply to Wells Fargo's counterclaims. In

2

their reply, the Penningtons assert counterclaims to Wells Fargo's counterclaims. Specifically, they allege the following: setoff, breach of contract, violations of the Uniform Commercial Code, lack of full disclosure, and recoupment. Wells Fargo now moves to strike the Penningtons' counterclaims, or in the alternative, have them dismissed.

## II. LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (quoting *River Road Devel. Co. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)) (internal quotation marks omitted). "Indeed, striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice' and should be used 'sparingly.'" *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quoting *N. Penn. Transfer*, 859 F. Supp. at 158). "To prevail, the moving party must demonstrate that 'the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or [that] the allegations confuse the issues.'" *Id*. (quoting *River Road Devel. Co.*, 1990 WL 69085, at *3)

When deciding a motion to dismiss under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation

3

marks and citation omitted). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient factual matter to be plausible on its face. *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; a sheer possibility that a defendant acted unlawfully is not sufficient. *Id.* Therefore, to survive a motion to dismiss, a plaintiff must allege facts sufficient to "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. Motion to Strike

Wells Fargo argues that the court should strike the Penningtons' counterclaims because it appears that the counterclaims were authored by Jeffrey Pennington, who continues to assert that the court lacks jurisdiction over him. Thus, in the vein of judicial estoppel, Wells Fargo argues that Jeffrey Pennington cannot shield himself from suit by claiming that the court lacks personal jurisdiction, while at the same time continue to assert claims against Wells Fargo.[1] Wells Fargo also generally asserts that the Penningtons' counterclaims should be stricken because they are redundant. Finally, it argues that a motion to strike is proper because Nikki Pennington is

---

[1] Throughout these proceedings, Jeffrey Pennington has made several nebulous and contradicting arguments. While he may make general assertions that the court lacks personal jurisdiction over him, he has never filed a motion alleging as much. Therefore, I will not consider any argument premised on the court's alleged lack of jurisdiction over him.

procedurally not allowed to plead counterclaims in response to counterclaims, pursuant to Rule 7(a)(3).

Wells Fargo's last argument—that a counterclaim contained in a reply to a counterclaim is procedurally unallowable—fails as a matter of law. In *Southeastern Industrial Tire Co., Inc. v. Duraprene Corp.*, 70 F.R.D. 585 (E.D. Pa. 1976), the court stated that Rule 13, "in conjunction with [Rule 7(a)] . . . authorizes a counterclaim to be stated in a reply to a counterclaim of the other party. It is concomitantly clear that [Rule 7(a)] does not prohibit the pleading of a counterclaim in reply." *Duraprene Corp.*, 70 F.R.D. at 586 (E.D. Pa. 1976). Here, although the *pro se* counterdefendants incorrectly titled their reply an "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim," in actuality their response is a reply to Wells Fargo's counterclaims, in which they assert their counterclaims. Thus, it is procedurally correct.

In *Duraprene*, the court also stated, however, that "for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to a complaint," "lest the trier of fact be confronted with a veritable farrago of legal documents . . . ." *Id*. at 588. Wells Fargo argues that the court's October 19 order denied the Penningtons' request for leave to file an amended complaint; accordingly, it contends that allowing the counterclaims to stand would permit the Penningtons to circumvent the order. The court in *Duraprene* considered such a situation and, in dicta, stated:

> Although we are not faced here with the question of whether a counterclaim in reply may be filed after a compulsory counterclaim without complying with Rule 15(a), we believe . . . that the Federal Rules clearly authorize a counterclaim in reply even in those limited circumstances where the plaintiff would not have been able to augment his claim if it were not for the fact that the defendant filed a compulsory counterclaim.

*Id*. Not all courts have followed this reasoning. *See, e.g., Turner & Boisseau, Chartered v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D. Kan. 1997); *Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979). While Wells Fargo's argument is an interesting one in an unsettled area of the law, I bear in mind that a motion to strike "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint[] or a counterclaim . . . ." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d ed. 1990). Because the Penningtons' counterclaims fail for other reasons, I need not further address this argument.

Wells Fargo's broader argument that the Penningtons' counterclaims are redundant, and therefore should be stricken, is unpersuasive. "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012) (quoting *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010)) (internal quotation marks omitted). Here, Wells Fargo has not shown how it is prejudiced by the Penningtons' counterclaims. As a result, Wells Fargo's motion to strike will be denied.

### B. Motion to Dismiss

In the alternative, Wells Fargo moves to dismiss the Penningtons' counterclaims under Rule 12(b)(6). Wells Fargo argues that the Penningtons' counterclaims are simply a rehash of claims from their complaint, which I dismissed with prejudice, and are thus barred by res judicata. Additionally, Wells Fargo contends that the counterclaims should be dismissed because they are not supported by sufficient facts and fail as a matter of law. For the following reasons, I

agree that dismissal of the counterclaims is warranted.

The Penningtons' first counterclaim is for setoff. "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owed A.'" *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)). It is a "counter-claim demand which defendant holds against plaintiff, arising out of a transaction *extrinsic* of plaintiff's cause of action." *M.N.C. Corp. v. Mount Lebanon Led. Ctr.*, 509 A.2d 1256, 1259 (Pa. 1986) (quoting Black's Law Dictionary 1230 (rev. 5th ed. 1979)) (internal quotation marks omitted).

Here, the Penningtons have not pleaded any facts that would entitle them to setoff.[2] The counterclaim is simply a bald legal conclusion that they "demand [setoff of] any balances due against balances owed." (Aff. Negative Averment, Opportunity to Cure, and Countercl. [hereinafter "Countercl."] 5.) There are no factual allegations sufficient to state a plausible claim for relief. Furthermore, plaintiffs conceded at the hearing on October 17, 2012, that Nikki Pennington has not made her mortgage payments since December 2010, and no offsetting claim by the Penningtons was alleged. Thus, mutual debts do not exist—there is only a debt due to Wells Fargo by Nikki Pennington. Therefore, the Penningtons' counterclaim for setoff is dismissed with prejudice.

The second counterclaim is one for breach of contract. The Penningtons allege that Wells

---

[2] I note that the Penningtons do not cite any statute with respect to their claim for setoff. Instead, they cite to *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 18 (1995), in their demand for setoff. That case discussed setoff in the context of bankruptcy proceedings, which these proceedings are not.

Fargo breached its contract with the Penningtons when it refused to answer their requests for information and documentation, and also when it failed to accept full payment on the note. (*Id.*) Again, the Penningtons fail to support their legal conclusion that Wells Fargo is in breach of contract with facts that would nudge their claim from the conceivable to the plausible, for they fail to allege any facts at all. Additionally, this argument is primarily a rehash of count V of their complaint, which alleged that Wells Fargo was in violation of § 3603(b) of the Pennsylvania Commercial Code for failing to accept tender of payment on the note. I dismissed that claim with prejudice in the October 19 order, and denied the Penningtons' motion for reconsideration on January 15, 2013. Furthermore, the Penningtons have chosen to stand on those decisions as final, and have appealed the October 19 order to the Third Circuit. Thus, the claim, as well as the claims for rescission, constructive fraud, mail fraud, and the TILA claim are barred by res judicata. *See Lewis v. Smith*, 361 F. App'x 421, 423-24 (3d Cir. 2010) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007)) ("[D]ismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits for res judicata purposes.").

The Penningtons' third counterclaim, titled "Violations of Uniform Commercial Code—Article 3," states that because of Wells Fargo's alleged refusal of the Penningtons' offer of full payment on the note, Wells Fargo has committed constructive fraud. Accordingly, the Penningtons state they are invoking their right of rescission. On October 17, 2012, I dismissed with prejudice any claim for rescission of the mortgage. On October 19, 2012, I dismissed with prejudice the Penningtons' claim of constructive fraud. Thus, as stated above, this counterclaim is also barred by res judicata. Furthermore, the Penningtons have failed to allege facts that would

8

support a plausible claim for relief. Instead, as with many of their claims, they have chosen to launch into a diatribe of incomprehensible statements and legal conclusions, wherein not even the slightest impression of a claim can be found. Therefore, this claim will be dismissed under Rule 12(b)(6).

The fourth counterclaim alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. Their first allegation is for a violation of § 1641 for Wells Fargo's failure to disclose the "true owner of the alleged note." (Countercl. 6.) This claim fails as a matter of law, as § 1641 allows actions against an assignee of the creditor who originally held the mortgage; in other words, a subsequent holder of the note. *See* 15 U.S.C. § 1641(a). Here, Wells Fargo is the original creditor and note holder; therefore, § 1641 is inapplicable. Furthermore, because this claim is premised on the notion that Wells Fargo is not the original note holder, it is also barred by res judicata, as I dismissed any such claim with prejudice in the October 17 order.

The Penningtons' other allegations with respect to TILA violations involve Wells Fargo's alleged understatement of the loan finance charge, misleading disclosures of loan details and terms, and nondisclosure of the mortgage insurance premium. Wells Fargo argues that these claims are barred by the statute of limitations because they relate to the closing of the mortgage loan, which occurred on June 23, 2005. I agree. Pursuant to 15 U.S.C. § 1640(e), suit may be brought against a creditor who fails to comply with TILA requirements within one year from the date of the alleged violation (and in some limited cases, three years). *See* 15 U.S.C. § 1640(e). Here, more than seven years have passed since the date of the alleged violation, i.e., the closing of the mortgage. Thus, because it is clearly time barred, this counterclaim will also be dismissed with prejudice. *See W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d

9

Cir. 2010) ("Although Federal Rule of Civil Procedure 8(c) suggests that 'a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss,' our cases recognize that a defendant may raise a limitations defense in a motion to dismiss. For the defendant to prevail, though, the plaintiff's tardiness in bringing the action must be apparent from the face of the complaint.") (internal citations omitted).

The Penningtons' final counterclaim is one for recoupment.[3] "Recoupment is a common law, equitable doctrine that permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff." *United States v. Keystone Sanitation Co., Inc.*, 867 F. Supp. 275, 282 (M.D. Pa. 1994). Such a claim is most often found in bankruptcy proceedings, and "allows the creditor to assert that certain mutual claims extinguish one another . . . in spite of the fact that they could not be 'setoff' under 11 U.S.C. § 553." *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984). With respect to mortgage foreclosure, under Pennsylvania law recoupment may be a permissible claim if it is directly tied to the procurement of the mortgage, and not to some other tangential action, such as the sale of the property. *See Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 949 (3d Cir. 2010) (interpreting *Green Tree Consumer Disc. Co v. Newton*, 909 A.2d 811, 814-15 (Pa. Super. Ct. 2006) to allow recoupment claims in foreclosure actions relating directly to mortgage procurement, though "the general rule is that a recoupment claim is an improper defense to a mortgage foreclosure"). Here, the Penningtons have not shown any factual basis for a plausible claim that Wells Fargo's damages should be

---

[3]It appears that within their counterclaim for recoupment, the Penningtons state a claim of mail fraud against Wells Fargo. (Countercl. 8.) To the extent that such a claim is made, it is barred by res judicata, as such a claim was previously dismissed with prejudice in the October 19 order.

reduced with respect to its claim for mortgage foreclosure. Instead, they cursorily assert that they are entitled to recoup all damages for the injuries sustained by Wells Fargo, without ever explaining the injuries they themselves have sustained or the damages they have suffered. The Penningtons have not provided facts that would support a plausible claim for relief with respect to their claim. Furthermore, I have previously found that the Penningtons enter this action having not made a mortgage payment since December 2010 for no other reason than their inability to pay due to lack of funds, which is not a basis for recoupment. Accordingly, their claim for recoupment will be dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss will be granted. An appropriate order follows.